"IN THE UNITED STATES DISTRICT COURT OF MIDDLE ALABAMA"
"NORTHERN DIVISION"

HAROLD M. ABRAHAMSEN JR.

    Plaintiff,

V

D.T. MARSHALL, et al.,

    Defendants

CASE #
2:06-CV-1039-WKW
(WO)

RECEIVED 2006 DEC 13 A 10:43
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

1. "AMENDMENT TO ORIGINAL COMPLAINT FILED"

2. NOW COMES PLAINTIFF; HAROLD M. ABRAHAMSEN JR. AS AN
3. INDIVIDUAL IN THE ABOVE INTITLED ACTION, TO AMEND
4. HIS FIVE (5) CAUSE(S) OF ACTION, AGINST THE DEFENDANT(S)
5. AS; "MONTGOMERY COUNTY DETENTION FACILITY" AS "SHERIFF,
6. D.T. MARSHALL" AND AS SPECIFIC OTHER EMPLOYEE'S OF THAT
7. FACILITY AND TO FURTHERMORE BE KNOWN AND REFERED TO
8. BY ALL MEN AS HIS (5) CAUSE(S) OF ACTION;

9. CAUSE ONE; FREE AND UNOBSTRUCTED MOVEMENT OF PAPERWORK
10. CAUSE TWO; AVAILABILTY OF COMPIDENT AND PROFFESIONAL MEDICAL CARE
11. CAUSE THREE; A SAFE AND DESEASE FREE DETENTION ENVIROMENT
12. CAUSE FOUR; FAILURE TO PROVIDE ADEQUIT FOOD SUSTENANCE
13. CAUSE FIVE; FAILING TO PROVIDE AN UNCROWDED PLACE OF DE-
14. TENTION.
15.

(1)

1. PLAINTIFF NOW STATES AS FOR CAUSE ONE; THAT THE
2. MONTGOMERY COUNTY DETENTION FACILITY, AND MEMBERS
3. OF ITS STAFF, KNOWN IN PART AS JOHN & JANE DOE'S,
4. AND IN PART AS; SHERIFF D.T. MARSHALL, DIRECTOR GINA
5. SAVAGE, BOOKING DESK OFFICERS LT FINLEY, MAJOR ROBISON,
6. ADMINISTRATIVE CLERK IN CHARGE, INCOMING MAILS, MS A
7. BROWN, ADMINISTRATIVE CLERK IN CHARGE, OUTGOING MAILS,
8. MS WRIGHT, HAVE ENGAGED IN AN INTENTIONAL, CONSPIRING
9. MANNER, TO DISTROY, DELAY, AND/OR OTHERWISE, OBSTRUCT
10. THE NATURAL MOVEMENT OF BOTH, INNER OFFICE MAILING(S)
11. DIRECTED FOR REQUESTED NEEDS OF, NESSESITY, SUCH AS;
12. PERSONAL HYGENE ITEMS, MEDICAL ATTENTION, MEDICINES,
13. CONTINUEING EXAMINATIONS, FAMILY COROSPONDENCES, LEGAL
14. INFORMATION, LEGAL REPRESENTATIONS, LEGAL REQUESTS,
15. GREIVANCES, ETC AND U.S. MAILING(S) OF PERSONAL AND
16. LEGAL NATURE TOO, DURING A 28 DAY INCARCERATION IN
17. THE YEAR 2005 AND A 47 DAY INCARCERATION FROM OCTOBER
18. 21ST TO DECEMBER 5TH OF 2006.
19. PLAINTIFF FURTHER STATES; THAT THESE ACTIONS OF DEFENDANTS
20. HAVE RESULTED IN, MENTAL ANGUISH, LOSS OF HEALTH, LOSS OF
21. PROPERTY, LOSS OF LEGAL RIGHTS, LOSS OF FUTURE REVENUES, & HE
22. HAS ALSO ENDURED PHYSICAL PAIN AND SUFFERING, AS A RESULT
23. OF DEFENDANTS ACTIONS.
24.

(2)

1. <u>PLAINTIFF NOW STATES AS FOR CAUSE TWO</u>; THAT THE
2. "MONTGOMERY COUNTY DETENTION FACILITY", ITS IN HOUSE
3. MEDICAL PROVIDER, "SOUTHERN HEALTH PARTNERS", SPECIFIC
4. EMPLOYEE'S, OF THAT COMPANY, NAMELY; DR NICHOLS,
5. OTHER JANE DOE'S OF NURSING STAFF, SHERIFF
6. D.T. MARSHALL, AND DIRECTOR GINA SAVAGE, HAVE ENGAGED
7. IN PRACTICE'S, POLICYS AND PROCEDURES BY WHICH <u>PLAINTIFF</u>
8. <u>HAS BEEN DENIED</u>, CONTINUEING EXAMINATIONS OF PRE-
9. EXCISTING LIFE THREATENING, MEDICAL CONDITIONS, AND
10. MEDICINE'S THAT HAVE BEEN PRESCRIBED BY OTHER MEDICAL
11. AUTHORITY THAT INTENDED TO PRESERVE OR MAKE BETTER
12. PLAINTIFFS MEDICAL CONDITION(S), AND HAVE REFUSED TO
13. ADMINISTER OR ALLOW CERTAIN MEDICINES, SIMPLY BECAUSE
14. THEY ARE CONSIDERED A NARCOTIC SUBSTANCE, AND IT
15. IS CONTRARY TO THEIR POLICY AND HAVE DONE SO WITH
16. NO REGARD TO PLAINTIFFS BASIC HUMAN RIGHT TO LIFE.
17. DEFENDANTS HAVE ENGAGED IN THIS PRACTICE DURING THE
18. PLANTIFFS 28 DAY PERIOD OF INCARCERATION IN THE YEAR
19. OF 2005 AND A 47 DAY INCARCERATION PERIOD FROM
20. OCTOBER 21ST TO DECEMBER 5th OF 2006.
21. <u>PLAINTIFF FURTHER STATES</u>; THAT THESE ACTIONS OF,
22. THESE DEFENDANTS, HAVE RESULTED IN, MENTAL ANGUISH,
23. AND PERMINATE LOSS OF HEALTH, AND HE HAS ENDURED
24. UN-NESSESARY PAIN & SUFFERING, AS A RESULT OF
25. DEFENDANTS ACTIONS
26.

(3)

1  <u>PLAINTIFF NOW STATES AS FOR CAUSE THREE</u>; THAT THE
2  "MONTGOMERY COUNTY DETENTION FACILITY", SHERIFF D.T.
3  MARSHALL, DIRECTOR GINA SAVAGE, LT FINLEY OF BOOKING, AND
4  CAPTAIN PALMER/BYRD ALONG WITH OTHER JANE & JOHN DOE'S,
5  EMPLOYEE'S OF THE FACILITY HAVE REPEATEDLY DENIED OR ALL
6  TOGETHER IGNORED REQUESTS BOTH VERBAL AND WRITTEN,
7  TO SANITIZE THE FACILITY OR TO PROVIDE CHEMICALS TO
8  INMATE POPULATION TO EXTRACATE FACILITY STRUCTURE,
9  OF ITS NEAR EPIDEMIC LEVELS OF SUCH CONTAGIOUS
10 DESEASES, OF STAFF INFECTION, RINGWORM, EXEMA, AND
11 SORIESIS AND HAVE THEN IN TURN CREATED A MEDICAL
12 SYSTEM THAT REQUIRES PLAINTIFF TO PAY FOR MEDICAL
13 TREATMENTS AFTER CONTRACTING SAID DESEASE, OR TO
14 SIGN A DEBIT VOUCHER FOR SAME, DEFENDANTS HAVE
15 ENGAGED IN THE DISREGARD OF PLAINTIFF'S BASIC RIGHT
16 TO LIVE IN A HEALTHFUL ENVIRONMENT DURING A 28 DAY
17 INCARCERATION IN THE YEAR OF 2005 AND A 47 DAY
18 INCARCERATION PERIOD FROM OCTOBER 21ST TO DECEMBER
19 5th OF 2006
20 <u>PLAINTIFF FURTHER STATES</u>; THAT THESE ACTIONS OF
21 THESE DEFENDANTS, HAVE RESULTED IN MENTAL ANGUISH,
22 A LOSS OF HEALTH, A CLEAR AND PRESENT DANGER
23 TO HIS PRE-EXCISTING MEDICAL CONDITIONS, PERMINATE
24 PHYSICAL SCARING, AND UN-NESSESARY PAIN & SUFFERING.
25

(4)

1  PLAINTIFF NOW STATES AS FOR CAUSE FOUR; THAT THE
2  "MONTGOMERY COUNTY DENTION FACILITY", SHERIFF D.T.
3  MARSHALL, DIRECTOR GINA SAVAGE, SOUTHERN HEALTH
4  PARTNERS, DR NICHOLS, AND OTHER JANE AND/OR JOHN DOES
5  AS NUTRICANISTS FOR THE FACILITY HAVE CREATED A
6  FEDERALY NON-COMPLIANT, NUTRICANALY DEFICIENT MENU
7  AND HAVE FORCED PLAINTIFF TO CONSUME THIS MENU, BY
8  HAVING NO OTHER OPTIONS AVAILABLE FOR PLAINTIFFS
9  SUSTENANCE, DESPITE PLAINTIFF'S PHYSICAL AND MEDICAL
10 REQUIREMENTS, DURING A CONTINUEING 47 DAY PERIOD
11 OF INCARCERATION FROM OCTOBER 21st TO DECEMBER
12 5th OF 2006
13 PLAINTIFF FURTHER STATES; THAT THESE ACTIONS, OF
14 THESE DEFENDANTS, HAVE RESULTED, AT LEAST IN PART
15 FOR THE CONTINUEING DECLINE, OF PLAINTIFFS, PHYSICAL
16 MEDICAL CONDITION, AND HE HAS SUFFERED MENTAL
17 ANGUISH, ALONG WITH UN-NESSESARY PAIN & SUFFERING

18                          (5)

PLAINTIFF NOW STATES AS FOR CAUSE FIVE; THAT THE MONTGOMERY COUNTY DETENTION FACILITY, SHERIFF D.T. MARSHALL AND DIRECTOR GINA SAVAGE AND OTHER UNKNOWN JOHN AND JANE DOE'S HAVE SYSTEMATICALLY ENGAGED IN A POLICY AND/OR PROCEDURE TO OVER-CROWD SAID FACILITY, BEYOND FEDERALLY MANDATED POPULATION LIMITS, OF NUMBERS OF, INMATES, TO BE COMFORTABLY HOUSED AT M.C.D.F. AND WHERE BY IN DOING SO, HAVE CONTRIBUTED TO PLAINTIFFS DECLINE OF PHYSICAL HEALTH CONDITIONS, DECLINE OF EMOTIONAL WELL BEING, AND HAVE CONTRIBUTED NEW MEDICAL PROBLEMS TO PLAINTIFF, BY THINNING OF AVAILABLE M.C.D.F.(S) RESOURCES IN AREAS AS MENTIONED PREVIOUSLY IN CAUSES ONE, TWO, THREE AND FOUR OF THIS COMPLAINT. PLAINTIFF FURTHER STATES, THAT TO THE BEST OF HIS KNOWLEDGE, OVER-CROWDING PRACTICES DID OCCUR DURING A PERIOD OF 51 DAYS OF INCARCERATION FROM OCTOBER 21ST TO DECEMBER 10TH 2006 AND BEYOND. PLAINTIFF FURTHER STATES; THAT THESE ACTIONS OF DEFENDANTS RESULTED IN, MENTAL ANGUISH, LOSS OF MENTAL HEALTH, AND LOSS PHYSICAL HEALTH AND WELL BEING & HE HAS SUFFERED, PHYSICAL PAIN AND SUFFERING, AS A RESULT OF DEFENDANTS ACTIONS.

(6)

1  <u>NOW COMES PLAINTIFF</u>; WHEREBY PLAINTIFF SEEKS TO
2  "AMEND DAMAGES" SOUGHT IN THIS CASE TO READ
3  AS FOLLOWS;

4  1) FOR DEFENDANTS, TO DISCONTINUE IT PRACTICES,
5  POLICIES, AND PROCEDURES AS DESCRIBED IN COUNTS
6  ONE THRU FIVE, AS AMENDED, AND TO DISPERSE ITS
7  PRESENT STAFF OF EMPLOYEE'S, TO RE-ORGANIZE SAME
8  AS TO MAKE BETTER, IN ORDER TO MEET BASIC HUMAN
9  NEEDS FOR QUALITY OF HEALTH, WETHER PHYSICAL OR
10 EMOTIONAL, AND TO HOUSE BY HIGH CRIME, ON BOTH
11 SIDES, OF A SEGREGATION, BY <u>IMATES BEING DETAINED</u>
12 <u>OR INCARCERATED SERVING TIME</u>, NOT TOGETHER.
13 2) PLAINTIFF SEEKS THAT DEFENDANTS BE ORDERED TO
14 STAFF AND FUND A NEW ENTITY, COMPRISED OF PROFESSIONALS
15 INVOLVED IN MEDICAL, LEGAL, AND PHYSICOLOGICAL FIELDS.
16 THE NEW ENTITY SHOULD BE STAFFED WITH NO LESS THAN
17 6 PERSON'S, AND BE REFERED TO AS "THE LIASONS OFFICE"
18 AND SAID ENTITY, BE CHARGED WITH ASSISTING INMATES
19 HOUSED AT COUNTY LEVEL DETENTION FACILITIES,
20 WITH MEDICAL, LEGAL, EDUCATIONAL CORRISPONDENCE, AND
21 ANY OTHER BASIC RIGHTS NEED. SAID ENITY SHOULD ALSO
22 WATCH-DOG THE BEHAVIOR OF CORRECTION FACILITY STAFF
23 AND INMATES, AND SEE BY WAY OF HIGHER AUTHORITY
24 THAT BASIC HUMAN RIGHTS SHALL BE MET. ADDITIONALLY
25 PLAINTIFF PRAYS THAT INCURRED COSTS, TO INITIATE
26 "THE LIASONS OFFICE" SHOULD BE DERIVED FROM FUNDS
27

(7)

1  THAT ARE ALREADY SUBSIDIZED FUNDS GIVEN TO
2  THE COUNTY, ALLOCATED BY FEDERAL GOVERNMENT.
3  3) ADDITIONALLY PLAINTIFF SEEKS OF DEFENDANTS
4  MONETARY DAMAGES IN THE AMOUNT OF "TEN
5  MILLION AND ⁰⁰/₁₀₀'S DOLLARS" ($10,000,000.00) AS FOR
6  COMPENSATION, FOR MENTAL ANGUISH, LOSS OF HEALTH,
7  LOSS OF PROPERTY, LOSS OF LEGAL RIGHTS, LOSS OF FUTURE
8  REVENUES AND PAIN AND SUFFERING.

9  GIVEN THIS 11ᵗʰ DAY OF DECEMBER, 2006

10  X HAROLD M. ABRAHAMYSON JR.

11              (8)