IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HAROLD M. ABRAHAMSEN, JR.    *
                             *
        Plaintiff,           *
                             *
    v.                       *        2:06-CV-1039-WKW
                             *
D.T. MARSHALL, et al.,       *
                             *
        Defendants.          *

## SPECIAL REPORT

COME NOW Defendants and in response to this Honorable Court's Order dated

January 4, 2007 submit the following Special Report to this Court.

### DOCUMENTS

Affidavit of D.T. Marshall

Affidavit of Gina M. Savage

Affidavit of Wanda J. Robinson

Affidavit of Barbara Palmer-Byrd

Affidavit of Annie Findley

Affidavit of Sondra Wright

Affidavit of Alberta Brown

Handbook on Inmate Rules and Regulations

Incoming and Outgoing Mail Logs

Grievance or Appeal of Decision Report dated 01-01-07

Grievance Decision dated 01-03-07

Grievance or Appeal of Decision dated 12-27-06

1

Inmate Request Form dated 12-13-06

Grievance or Appeal of Decision dated 12-13-06

Grievance Decision dated 12-19-06

Grievance or Appeal of Decision dated 12-11-06

Grievance Decision dated 12-14-06

Inmate Request Form dated 12-06-06

Inmate Request Form dated 12-01-06

Response to Plaintiff from F. Davis dated 12-04-06

Grievance or Appeal of Decision dated 11-25-06

Grievance or Appeal of Decision dated 11-21-06

Grievance or Appeal of Decision dated 11-19-06

Grievance or Appeal of Decision dated 11-14-06

Request for Response dated 11-15-06

Inmate Request Form dated 11-16-06

Grievance or Appeal of Decision dated 10-28-06

Grievance or Appeal of Decision dated 10-29-06

Grievance Decision dated 11-03-06

Inmate Request Form dated 11-02-06

Grievance or Appeal of Decision dated 10-23-06

Response to Grievance Clerk dated 10-25-06

Grievance or Appeal of Decision dated 07-17-05

MCDF Personnel Response to Grievance dated 07-25-05

Grievance or Appeal of Decision dated 07-22-05

Receipt of Grievance dated 07-25-05

Grievance or Appeal of Decision dated 07-03-05

Grievance or Appeal of Decision dated 07-04-05

Grievance Decision dated 07-08-05

Appeal of Decision dated 07-10-05

Grievance or Appeal of Decision dated 07-30-04

Grievance or Appeal of Decision dated 08-02-04

## PROCEDURAL HISTORY

On November 20, 2006, Plaintiff Harold M. Abrahamsen, Jr., filed his original complaint against the Defendants (1) the MCDF (Montgomery County Detention Facility); (2) Sheriff of Montgomery County, D.T. Marshall; (2) Jail Director for the Montgomery County Detention Facility, Gina M. Savage; (3) correctional officer Lieutenant Findley; (4) correctional officer Lieutenant Jenkins; (5) correctional officer Lieutenant Rodgers; (6) correctional officer Sergeant Youngblood; and (7) several fictitious defendants. On December 13, 2006, Plaintiff filed a pleading entitled "Amendment to Original Complaint filed" ("Amended Complaint"). In the Amended Complaint, Plaintiff states that he is amending his complaint

> "against the Defendant(s) as: "Montgomery County Detention Facility", as, "Sheriff, D.T. Marshall" and as Specific Other Employee's of that Facility and to furthermore be known and referred to by all men as his (5) Causes of Action;"

(Amended Complaint, p. 1)

In Count One of the Amended Complaint, Plaintiff claims that the Defendants have engaged in an intentional, conspiring manner to destroy, delay or otherwise obstruct the natural movement of inner office mailings, legal mail and the United States mail

3

while Plaintiff was incarcerated at the Montgomery County Detention Facility ("MCDF") for 28 days in 2005, and for 47 days in 2006 from October 21 through December 5, 2006. (Amended Complaint, p. 2)  In Count Two, Plaintiff claims that the Defendants engaged in practices, policies and procedures by which Plaintiff was denied continuing examinations of pre-existing, life threatening medical conditions and medicines during the two periods of incarceration at the MCDF referred to above.  (Amended Complaint, p. 3)

In Count Three, Plaintiff claims that the Defendants have denied or ignored requests to sanitize the facility and have thus denied him his basic right to live in a healthy environment during the two periods of incarceration at the MCDF referred to above.  (Amended Complaint, p. 4)    In Count Four, Plaintiff claims the Defendants have provided inadequate food/menus to him during the two periods of incarceration at the MCDF referred to above.  (Amended Complaint, p. 5)  In Count Five, Plaintiff claims the Defendants have engaged in a policy or procedure to overcrowd the facility that has resulted in emotional and medical problems for inmates during a 51 day of incarceration at the MCDF from October 21 through December 10, 2006 and beyond.  (Amended Complaint, p. 6)

For relief, Plaintiff seeks an injunction directing Defendants to discontinue their practices.  (Amended Complaint, pp. 7-8)    Plaintiff also seeks monetary damages. (Amended Complaint, p. 8)  On January 4, 2007, this Court entered an order directing the Defendants to file a written report with the Court within forty days of the order.

## FACTS

Plaintiff first entered the MCDF on September 2, 1999 for Receiving Stolen Property and was released the same day. Plaintiff was incarcerated again July 28, 2004 charged with NWNI and released July 30, 2004. On July 1, 2005, he was arrested and charged with Identity Theft First Degree, $10,000 bond, and NWNI, released ROR. He was released July 28, 2005. He was arrested again October 20, 2006 and charged with Giving Wrong Name to Officer, $1,500 bond, NWNI, $6494.05 payout and Identity Theft First Degree, no bond. On November 14, 2006, he was charged with Obstruction of Justice with bond set at $5,000. A hold was placed on the Plaintiff for Autauga County. (See Affidavit of Gina M. Savage attached hereto, ¶ 3.)

In response to Cause 1 - The MCDF has a system established whereby the incoming and outgoing mail clerks log each piece of mail received and each piece of mail sent out of the facility. Mailboxes are in each cellblock for inmates to deposit grievances and other requests. Mail is picked up, distributed and processed on a daily basis. There is no conspiracy to hinder the flow of mail within the MCDF. (See Affidavit of Gina M. Savage, ¶ 4.) Inmates place their outgoing mail in boxes located in each cellblock. Outgoing mail is picked up each day, logged and checked for accuracy. Only mail addressed incorrectly as outlined in the Inmate Handbook is destroyed and not mailed. (See Affidavit of Wanda J. Robinson, ¶ 3.) Incoming mail is picked up from the United States Post Office, inspected, logged and distributed to inmates daily. (See Inmate Handbook and Affidavit of Wanda J. Robinson, ¶ 3.) The detention facility file indicates that Plaintiff was aware of the request/grievance forms and utilized them regularly. (See Affidavit of Barbara Palmer-Byrd, ¶ 3.) His forms were picked up and distributed each

day. (See Affidavit of Barbara Palmer-Byrd, ¶ 3.) The forms are picked up each day and routed to the clerks for delivery. (See Affidavit of Annie Findley, ¶ 3.) The Clerk Typist II processed outgoing mail for the facility. The records indicate that Plaintiff has not sent any mail out of the facility prior to October 20, 2006. (See Affidavit of Sondra Wright, ¶ 3) On November 17, 2006, Plaintiff sent two letters to Ms. Davis, Grievance Clerk and a letter to Criminal Division. (Id.) On December 2, 2006, Plaintiff sent a letter to the United States District Court. (Id.) On December 8, 2006, Plaintiff sent a letter to Captain Palmer. (Id.) On December 12, 2006, Plaintiff sent two letters to the Office of the Clerk at the United States District Court. (Id.) On December 21, 2006, Plaintiff sent a letter to Ms. Opia Blackwell. (Id.) On December 27, 2006, Plaintiff sent a letter to the Montgomery Clerk's Office. (Id.) On November 26, 2006 and November 24, 2006, Plaintiff had two letters that were not mailed. They were shredded because they were not addressed correctly in that the return address was incorrect. (Id.; Inmate Handbook, attached thereto, p. 11) The Clerk processed incoming mail for the facility. The records indicate that on November 30, 2006, Plaintiff received two letters from the Office of the Clerk in Montgomery. (See Affidavit of Alberta Brown, ¶ 3) On December 8, 2006, Plaintiff received mail from the Office of the Clerk in Montgomery. (Id.) On December 13, 2006, Plaintiff received mail from the United States District Court. (Id.) There is no conspiracy to hinder the flow of mail within the MCDF.

In response to Cause 2 – Montgomery County has contracted with Southern Health Partners to provide medical services to all inmates incarcerated in the MCDF. (See Affidavit of Gina M. Savage, ¶ 4.)

6

In response to Cause 3 – It is the policy of the MCDF that every effort will be made on the part of the facility personnel to ensure safe custody, decent living conditions and fair treatment for all inmates. (See Affidavit of D. T. Marshall. ¶ 3.) Each day the MCDF staff distributes cleaning supplies designed specifically for penal institutions. Each morning, and more frequently if required, inmates are required to clean their living quarters thoroughly; all floors are swept and mopped, trash containers are emptied and cleaned and commodes and lavatories are cleaned. (See Affidavit of Gina M. Savage, ¶ 4.) The jail is inspected by the State Health Department to ensure that the detention facility maintain required standards. (See Affidavit of Wanda J. Robinson, ¶ 5.)

In response to Cause 4 - The Detention Facility provides three nutritious well-balanced meals each day prepared under sanitary conditions. (See Affidavit of Gina M. Savage, ¶ 4.)

In response to Cause 5 – The Defendants named by the Plaintiff are not legally responsible for the number of inmates that are housed at the MCDF. (See Affidavit of Gina Savage, ¶ 4.)

## DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Defendants did not violate any of the Plaintiff's constitutional rights afforded him under law.

3.    All claims against the Montgomery County Detention Facility are due to be dismissed because it is not a legal entity capable of being sued.

4.      The individual Defendants aver that they are entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution and qualified immunity from suit.

5.      Defendants aver that they acted in a manner that has been in accordance with previous court rulings regarding the operation of the MCDF.

6.      Defendants aver that the prison regulations in question were reasonably related to legitimate penological interests.

7.      Plaintiff's claims regarding prison conditions at the MCDF are due to be dismissed because he has failed to allege a physical injury as required by 42 U.S.C. § 1997e(e).

8.      To the extent Plaintiff has asserted his § 1983 claims against the Defendants in their official capacities, all such claims should be dismissed because in their official capacities, Defendants are not considered "persons" subject to liability under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989).

9.      Plaintiff's First Amendment claims should be dismissed because he has failed to allege an actual injury as a result of any action of the Defendants.

10.     Plaintiff's claims for deliberate indifference to medical needs should be dismissed because Plaintiff has failed to allege a serious medical need and that Defendants were deliberately indifferent to that need.

11.     Plaintiff's claim against the fictitious defendants must be dismissed because fictitious party practice is not allowed under the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

### A.    All claims against the Defendant identified as the "Montgomery County Detention Facility" must be dismissed.

The Montgomery County Detention Facility is the facility or jail that houses inmates in Montgomery County. A "jail" is not a legal entity, and therefore is not subject to suit. *See, e.g., Dean v. "Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992); *Seago v. Houston County Jail,* Docket No. 1:06-cv-0925-MHT (M.D. Ala. November 9, 2006). Plaintiff's claims against the Defendant identified in the Complaint as the Montgomery County Detention Facility should therefore be dismissed.

### B.    The claims against the Defendants in their official capacities should be dismissed.

Plaintiff's claims for damages against the Defendants in their official capacities under 42 U.S.C. §1983 should be dismissed because in their official capacities, the Defendants are not considered persons subject to liability under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Any such official capacity claims must also be dismissed because Defendants are entitled to immunity under the Eleventh Amendment. *Lancaster v. Monroe County,* 16 F.3[rd] 1419 (11th Cir. 1997).

### C.    Plaintiff's claims for damages should be dismissed because he has failed to allege a physical injury.

Plaintiff's allegations appear to be claims brought pursuant to 42 U.S.C. § 1983 which provides a cause of action against any person acting under the color of state law for deprivations of any right secured by the United States Constitution. The Prison Litigation Reform Act ("PLRA") applies to federal causes of action filed by inmates, and was enacted by Congress to control and curtail the flood of inmate suits that are filed in the courts. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002)("The purpose of

9

the PLRA is to curtail abusive prisoner litigation.")  In accordance with this purpose, the PLRA prevents recovery "for mental or emotional injury . . . without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  *See also Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312 (11th Cir. 2002).

Plaintiff alleges no physical injury in his Amended Complaint.  Plaintiff's claims should therefore be dismissed.  Moreover, in order to succeed on his claims, the conditions must be "sufficiently serious", *Farmer v. Brennan,* 511 U.S. 825, 834 (1994), and the prison officials must exhibit "deliberate indifference" to prisoner health or safety. *Id; see also Wilson v. Seiter,* 501 U.S. 294, 301-305 (1991).  Only a deprivation that denies "the minimal civilized measure of life's necessities", *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), is grave enough to violate the Eighth Amendment.  *Wilson,* 501 U.S. at 298-99.  "Nothing so amorphous as overall conditions can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."  *Id.* at 305.

The Plaintiff's claims do not rise to a constitutional violation.  The Plaintiff cannot demonstrate that the conditions at the MCDF are sufficiently serious, that he suffered an injury as a result of these conditions, or that the Defendants were deliberately indifferent to his health or safety.  The Plaintiff also has no medical evidence that he suffered any physical injury while at the MCDF.  The Plaintiff has merely alleged that he had some discomfort while in jail, which does not give rise to a constitutional violation.

**D.    Plaintiff's First Amendment claim is barred because he has failed to allege an actual injury.**

Plaintiff's Complaint should also be dismissed because Plaintiff has failed to demonstrate that he suffered an "actual injury" as a result of any actions of the

Defendants. Without proof of an "actual injury," Plaintiff lacks standing to allege a violation of the right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).

> "The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury. *See Lewis*, 518 U.S. at 349-50, 116 S.Ct. at 2179. The injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access. Thus, the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts **to pursue a nonfrivolous legal claim**. *See Lewis*, 518 U.S. at 352-54, 116 S.Ct. at 2181. **Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action.**" *See Lewis*, 518 U.S. at 352-57, 116 S.Ct. at 2181-82.

*Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (emphasis added). In *Wilson v. Blakenship*, 163 F.3d 1284 (11th Cir. 1998), the court also noted that an inmate has no standing to allege a violation of access to the courts **unless he first shows actual injury in the pursuit of certain types of nonfrivolous cases**.

> [P]risoners have no inherit or independent right of access to a law library or to legal assistance. *See Lewis*, 518 U.S. at 349-51, 116 S.Ct. at 2179-80. Instead, they must show actual injury in a pursuit of specific types of nonfrivolous cases: direct or collateral attack on sentences and challenges to conditions of confinement." *Id* at 355-57, 116 S.Ct. at 2182. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id* at 355, 116 S.Ct. at 2182. With respect to access-to-court claims, *Lewis* clarifies that a Plaintiff must first show actual injury before seeking relief under *Bounds*. *See Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir 1998). **This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action.**

*Wilson v. Blakenship*, 163 F.3d 1284, 1290 (11th Cir. 1998)(emphasis added).

Plaintiff's Amended Complaint merely states that he failed to receive legal mail. Plaintiff fails to allege that he suffered actual injury as a result thereof. In other words,

Plaintiff failed to allege that the Defendants interfered with the Plaintiff's presentation of a direct appeal from his sentence, a habeas petition, or a civil rights action. This failure to allege an "actual injury" in the pursuit of the above enumerated types of cases requires that Plaintiff's right of access claim be dismissed. *See Bass v. Singletary*, 143 F.3d 1442, 1445-46 (11th Cir. 1998).

E.    **Any claim for deliberate indifference to medical needs must be dismissed.**

In Counts Two and Three of the Amended Complaint, Plaintiff appears to allege a claim for deliberate indifference to medical needs. (Amended Complaint, p. 3) This claim should also be dismissed. In *Farmer v Brennan,* 511 U.S. 825, 837 (1994), the Supreme Court held that the standard of deliberate indifference equated to that of "subjective recklessness" as that term is defined in criminal law. The official must know of an excessive risk to inmate health and disregard that risk. *Id.* at 837-383. In other words, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* An official's failure to respond to a significant risk that he should have perceived but did not is not deliberate indifference. *Id.* Dismissal is warranted unless the plaintiff presents evidence of the official's "subjective knowledge" of a substantial risk of serious harm. *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir. 1999). In addition, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991).

12

In the present case, there is no allegation that the Defendants had any knowledge of any medical condition of the Plaintiff and that with knowledge of the condition, the Defendants knowingly or recklessly disregarded Plaintiff's alleged medical condition by failing to provide medical attention. Plaintiff's deliberate indifference claims against these Defendants must therefore be dismissed.

**F.      The Defendants have qualified immunity.**

All of the named individual Defendants are entitled to qualified immunity with respect to the claims asserted against them in their individual capacities. For liability under § 1983, specific acts of personal involvement in the alleged constitutional deprivation must be shown. *Respondeat superior* liability is not cognizable under § 1983. *Braddy v. Florida Dept. of Labor & Employment Sec.,* 133 F.3d 797, 801 (11th Cir. 1998). If a plaintiff's complaint does not allege that a defendant personally participated in the alleged constitutional deprivation, it should demonstrate an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation in order to state a cause of action under § 1983. *Braddy,* 133 F.3d at 801-802.

The Eleventh Circuit has also imposed a "heightened pleading requirement" on plaintiffs when evaluating claims of qualified immunity. *Dalrymple v. Reno,* 34 F.2d 991, 996 (11th Cir. 2003); *GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. 1998). This requires that the plaintiff's complaint contain detailed allegations and specific facts concerning each defendant, which indicate what each defendant did to violate the plaintiff's rights. "Otherwise, the court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity

from claims under both §§ 1981 and 1983." *Smith v. Alabama*, 996 F. Supp. 1203, 1212

(M.D. Ala. 1998).  According to the court in *Dalrymple*:

> In such cases, the complaint must allege the relevant facts "with some specificity." *Id.* "[M]ore than mere conclusory notice pleading is required....[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *see also Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995)(holding that complaint must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity").  Moreover, in reviewing a motion to dismiss, we need only accept "well-pleaded facts" and "reasonable inference drawn from those facts." *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).  We must also keep in mind the fact that "[w]e generally accord . . . official conduct a presumption of legitimacy." *United States Dept. of State v. Ray*, 502 U.S. 164, 179, 112 S. Ct. 541, 550 , 116 L. Ed. 2d 526 (1991).

*Id.* at 996.

In Count One of the Amended Complaint, Plaintiff alleges that the Defendants have engaged in an intentional, conspiring manner to destroy, delay or obstruct the movement of the mail.  In Count Two, Plaintiff merely alleges that the Defendants have engaged in practices, policies and procedures that have denied him medical treatment.  In Count Three, Plaintiff alleges that the Defendants have failed to provide him with a healthy environment.  In Count Four, Plaintiff alleges that that the Defendants have provided nutritionally deficient meals at the facility.  In Count Five, the Plaintiff alleges that the MCDF is overcrowded and that he has suffered mental anguish, loss of mental health, and loss off physical health and well being, and that he has suffered physical pain and suffering as a result thereof.

In each of these counts, Plaintiff has failed to allege with any specificity what each Defendant is alleged to have done to cause the unconstitutional acts of which he complains.  There are no allegations of wrongdoing that can be attributed to each

14

Defendant, nor any description of any personal involvement of the Defendants in any alleged wrongdoing. The Amended Complaint therefore fails to set forth sufficient facts of any personal involvement of each of the Defendants in the alleged constitutional deprivations complained of by Plaintiff. There is also no allegation demonstrating a causal connection between the acts or omissions of the supervisor Defendants and the Plaintiff's alleged injuries. There are also no allegations of fact directed toward any of the Defendants in any way demonstrating how, as a matter of proximate cause, what they actually did, when, where, and how their actions in any way contributed to the Plaintiff's damages. Plaintiff's claims therefore fail to satisfy the heightened pleading requirement in this circuit and must be dismissed. *Smith v. Alabama,* 996 F. Supp. 1203, 1212 (M.D. Ala. 1998).

Additionally, supervisory officials are not liable under § 1983 for the unconstitutional acts of their employees on the basis of *respondeat superior*. *Harley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999). "To state a claim in § 1983 actions where a defendants/supervisor was not present when the alleged constitutional violation occurred, as here, the standard for imposing liability upon the supervisor is "extremely rigorous." *Adams v. Franklin*, 111 F. Supp. 1255, 1265 (M.D. Ala. 2000) (*quoting Braddy v. Florida Dept. of Labor & Employment Sec.,* 133 F.3d at 802).

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the

> supervising official must be obvious, flagrant, rampant, and
> of continued duration, rather than isolated occurrences.

*Braddy*, 133 F.3d at 802 (*quoting Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir.

1990)); *see also, Wright v. Sheppard*, 919 F.2d 665, 674 (11th Cir. 1990)(sheriff's

department could not be liable for the actions of a deputy unless there was evidence of a

"history of widespread prior abuse" such that the sheriff was "on notice of the need for

improved training or supervision"); *Sims v. Glover*, 84 F.Supp. 2d 1273, 1284-85 (M.D.

Ala. 1999).

Defendant Marshall is the Sheriff of Montgomery County, and Defendant Savage

is the Director of the MCDF.  The remaining Defendants are supervisors at the MCDF.

The Amended Complaint fails to allege that these Defendants personally participated in

any alleged constitutional violation of which the Plaintiff complains. The Amended

Complaint also fails to allege any widespread history of abuses at the MCDF that would

have put a reasonable supervisor on notice of the need to correct the alleged

constitutional deprivation.  *Braddy,* 133 F.3d at 802; *Brown*, 906 F.2d at 671; *see also*

*Gold v. City of Miami*, 151 F.3d 1346, 1351-52 (11th Cir. 1998); *Gold v. City of Miami*,

121 F.3d 1442, 1447 (11th Cir. 1997); *Tennant v. State of Florida*, 111 F.Supp.2d 1326,

1332-33 (S.D. Fla. 2000).  Plaintiff has certainly failed to allege any widespread history

of abuses that was "obvious, flagrant, rampant, and of continued duration, rather than

isolated occurrences." *Braddy,* 133 F.3d at 802; *Brown,* 906 F.2d at 671.

The Plaintiff also does not allege any affirmative custom or policy implemented

by the Defendants that has resulted in his alleged injuries. *Rivas v. Freeman*, 950 F. 2d

1491, 1495 (11th Cir. 1991).  Accordingly, Plaintiff simply fails to allege a causal

connection required to impose supervisory liability against any of the Defendants. *See Cottone v. Jenne,* 326 F.3d 1352, 1362 (11th Cir. 2003).

The Amended Complaint also fails to allege facts to demonstrate a constitutional violation in light of clearly established law at the time of the incident in question. To overcome a defense of qualified immunity, a plaintiff has a heavy burden that must be discharged before a governmental official sued in his individual capacity can be compelled to participate in § 1983 litigation.

> This circuit has established stringent standards for a plaintiff seeking to overcome the affirmative defense of qualified immunity asserted by a government official in an individual capacity. "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.' "[Citations omitted] "For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." [Citations omitted] "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances."

*Gonzales v. Lee County Housing Authority,* 161 F.3d 1290, 1295 (11th Cir. 1998). A plaintiff cannot defeat a qualified immunity defense by simply citing to general rules or abstract rights. *Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir. 1998). The burden is on the Plaintiff to establish that at the time of his incarceration, there was case law sufficient to give the Defendants "fair warning" that their actions (as alleged in the Plaintiff's Amended Complaint) violated the Plaintiff's constitutional rights. *Hope v. Pelzer,* 122 S.Ct. 2508, 2516 (2002). The Plaintiff is unable to sustain this burden. None of the preexisting case law gave fair warning to the Defendants that the bare, conclusory facts

17

as alleged in Plaintiff's Amended Complaint, were violations of the Plaintiff's rights. The Defendants are therefore entitled to qualified immunity with respect to Plaintiff's claims.

### G.    The claims against Fictitious Defendants must be dismissed.

Plaintiff also asserts his claims against several fictitious defendants. These claims are also due to be dismissed because fictitious party practice is not allowed under the Federal Rules of Civil Procedure. *See, e.g., New v. Sports & Recreation, Inc.* 114 F.3d 1092, 1094  n. 1 (11th Cir. 1997); *Adams v. Franklin,* 111 F. Supp.2d 1255, 1259 n. 3 (M.D. Ala. 2000).  All claims against fictitious defendants should therefore be dismissed.


Thomas T. Gallion, III  (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for Defendants


**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
334-265-8573
(334) 264-7945 (fax)

18

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February 2007, I mailed the foregoing by placing a copy of the same in the United States mail, postage prepaid, this the _12_ day of February, 2007:

Harold M. Abrahamsen, Jr. #76171
Montgomery County Detention Facility
Post Office Box 4599
Montgomery, Alabama  36103

Of Counsel

50051-592
#23,867

19

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| HAROLD M. ABRAHAMSEN, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 2:06-CV-1039-WKW** |
| | ) | |
| D. T. MARSHALL,  et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF  D. T. MARSHALL

Before me, a Notary Public, personally appeared D. T. Marshall and after being duly

sworn, did say as follows

1.      My name is D. T. Marshall and I am Sheriff of Montgomery County, Alabama.

2.      I have not violated the constitutional rights of Inmate Harold M. Abrahamsen, Jr.

3.      It is the policy of the Montgomery County Detention Facility that every effort will be

made on the part of facility personnel to ensure safe custody, decent living conditions, and fair

treatment for all inmates.

4.      The total, daily operations of the jail are managed by the Director of the Detention

Facility, employed by the Montgomery County Sheriff's Office.

_____
D. T. Marshall

Sworn to and subscribed before me this _19_ day of _January_, 2007.


_____

Notary Public
My Commission Expires September 13, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **HAROLD M. ABRAHAMSEN, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:06-CV-1039-WKW** |
| | ) | |
| **D. T. MARSHALL,  et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF GINA M. SAVAGE

Before me, a Notary Public, personally appeared Gina M. Savage and after being duly sworn, did say as follows

1.      My name is Gina Savage.  I am Director of the Montgomery County Sheriff's Office Detention Facility.

2.      I have not violated the constitutional rights of Inmate Harold M. Abrahamsen, Jr.

3.      Harold M. Abrahamsen, Jr. was incarcerated September 2, 1999, for Receiving Stolen Property II.  He was released September 2, 1999.  He was incarcerated again July 28, 2004, charged with NWNI, and released July 30, 2004.  On July 1, 2005, he was arrested and charged with Identify Theft First Degree, $10,000 bond, and NWNI, released ROR.  He was released July 28, 2005.  He was arrested again October 20, 2006, and charged with Giving Wrong Name to Officer, $1,500 bond, NWNI, $6494.05 payout, and Identity Theft First Degree, no bond.  On November 14, 2006, he was charged with Obstruction of Justice with bond set at $5000.00.  A Hold was placed on him for Autauga County.

4.    In response to the charges alleged by Inmate Abrahamsen, we offer the following:

Cause One:    The Montgomery County Detention Facility has a system established whereby the incoming and outgoing mail clerks log each piece of mail received and each piece of mail sent out of the Facility.  Mail boxes are set up in each cellblock for inmates to deposit grievances, requests, etc.  Mail is picked up, distributed and processed on a daily basis.  There is no conspiracy to hinder the flow of mail within the Detention Facility.

Cause Two:    Montgomery County has contracted with Southern Health Partners to provide medical services to all inmates incarcerated in the Montgomery County Detention Facility.

Cause Three:   Each day the Montgomery County Detention Facility distributes cleaning supplies designed specifically for penal institutions.  Each morning, and more frequently if required, inmates are required to clean their living quarters thoroughly; all floors are swept and mopped, trash containers are emptied and cleaned and commodes and lavatories are cleaned.  Walls are washed as needed.  The jail is inspected by the State Health Department and we consistently meet State standards.

Cause Four:    The Montgomery County Detention Facility provides three nutritious, well- balanced meals daily, prepared under sanitary conditions.

Cause Five:    Neither I nor anyone employed with the Montgomery County Sheriff's Office Detention Facility can control the inmate population housed in the Facility.

5.    Inmate Abrahamsen has filed numerous grievances/requests/complaints during his incarceration.  (see attached)

_____
Gina M. Savage

Sworn to and subscribed before me this _23_ day of _January_, 2007.


_____Lynn (Hines) Cates_____
Notary Public
My Commission Expires September 13, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **HAROLD M. ABRAHAMSEN, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:06-CV-1039-WKW** |
| | ) | |
| **D. T. MARSHALL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>AFFIDAVIT OF WANDA J. ROBINSON</u>

Before me, a Notary Public, personally appeared Wanda J. Robinson and after being duly sworn, did say as follows

1.   My name is Wanda Robinson.  I am Assistant Director of the Montgomery County Sheriff's Office Detention Facility.

2.   I have not violated the constitutional rights of Inmate Harold M. Abrahamsen, Jr.

3.   Cause One:    Inmates place their outgoing mail in boxes located in each cellblock. Outgoing mail is picked up each day, logged and checked for accuracy.  Only mail addressed incorrectly (as outlined in the Inmate Handbook) is destroyed and not mailed.

Incoming mail is picked up from the U. S. Post Office, inspected, logged and distributed to inmates daily. There is no conspiracy to hinder the flow of inmate mail.

4.   Cause Two:    Montgomery County has contracted with Southern Health Partners to provide medical services for the Montgomery County Detention Facility.

5.    Cause Three:  Each morning cleaning supplies are distributed to each cellblock and inmates are required to clean their living quarters.   The jail is inspected by the State Health Department to ensure that we maintain required standards.

6.    Cause Four:    Three nutritious, well- balanced meals are served to inmates each day.

7.    Cause Five:    I have no control over the number of inmates housed in the Montgomery County Jail.

Wanda J. Robinson

Sworn to and subscribed before me this _23_ day of _January_, 2007.

Notary Public
My Commission Expires September 13, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

HAROLD M. ABRAHAMSEN, JR.          )
                                   )
                Plaintiff,         )
                                   )
        v.                         )          CIVIL ACTION NO. 2:06-CV-1039-WKW
                                   )
D. T. MARSHALL, et al.,            )
                                   )
                Defendants.        )

## AFFIDAVIT OF BARBARA PALMER-BYRD

Before me, a Notary Public, personally appeared Barbara Palmer-Byrd and after being duly sworn, did say as follows

1.     My name is Barbara Palmer-Byrd and I am employed as Captain of Inmate Programs/Services with the Montgomery County Sheriff's Office Detention Facility.

2.     I have not violated the constitutional rights of Inmate Harold M. Abrahamsen, Jr.

3.     Forms are provided to all inmates so that they can file requests or grievances. The file indicates that Inmate Abrahamsen was aware of the request/grievance forms and utilized them regularly. The forms are picked up and distributed each day.

4.     Southern Health Partners are responsible for the medical care of inmates.

5.     Cleaning supplies are placed in the cells each day and inmates are required to clean their living area.

6.    The jail provides three well-balanced meals for inmates each day.

7.    I cannot control the number of inmates incarcerated in the jail.

Barbara Palmer-Byrd

Sworn to and subscribed before me this _23_ day of _January_, 2007.

Notary Public
My Commission Expires September 13, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HAROLD M. ABRAHAMSEN, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:06-CV-1039-WKW** |
| | ) | |
| **D. T. MARSHALL,  et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>AFFIDAVIT OF  ANNIE FINDLEY</u>

Before me, a Notary Public, personally appeared Annie Findley and after being duly sworn, did say as follows

1.      My name is Annie Findley and I am employed as a Lieutenant with the Montgomery County Sheriff's Office Detention Facility.  I am Shift Commander for the first shift.

2.      I have not violated the constitutional rights of Inmate Harold M. Abrahamsen, Jr.

3.      Appropriate forms for different services are provided to all inmates.  Inmates may complete their grievance/request forms and place them in the inmate handmail box located inside each cellblock.  The forms are picked up each day and routed to the clerks for delivery.

4.      Southern Health Partners are responsible for handling all medical issues of inmates housed in Montgomery County Detention Facility.

5.      Cleaning supplies (chemicals) are placed in the cells daily for the inmates to clean their living areas.

6.     Food service provides a balanced diet for all inmates.

7.     I have no control over the population of Montgomery County Detention Facility.

_Annie Findley_
Annie Findley

Sworn to and subscribed before me this _18_ day of _January_, 2007.

_Lewa Hines Cates_
Notary Public
My Commission Expires September 13, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **HAROLD M. ABRAHAMSEN, JR.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 2:06-CV-1039-WKW** |
| | ) |
| **D. T. MARSHALL,  et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## AFFIDAVIT OF  SONDRA WRIGHT

Before me, a Notary Public, personally appeared Sondra Wright and after being duly

sworn, did say as follows

1.       My name is Sondra Wright. I am a Clerk Typist II employed with the Montgomery

County Sheriff's Office Detention Facility.  I process outgoing mail for the facility.

2.       I have not violated the constitutional rights of Inmate Harold M. Abrahamsen, Jr.

3.       I have reviewed my records from September 2, 1999, July 28, 2004 – July 30, 2004,

July 1, 2005 – July 28, 2005, and October 20, 2006 – January 8, 2007, dates of incarceration for

Inmate Abrahamsen.   Inmate Abrahamsen has not sent any mail out of the facility except for the

period October 20, 2006 to present (January 8, 2007).  Following is a list of the mail he has sent:

November 17, 2006        Ms. Davis, Grievance Clerk
                         250 S. McDonough Street
                         Montgomery, AL 36104 (2 letters sent to this address)

                         Criminal Division
                         POB 1667
                         Montgomery, AL 36102

December 2, 2006        United States District Court
C/O Office of the Clerk
POB 711
Montgomery, AL  36101-0711

December 8, 2006        Captain Palmer
250 S. McDonough Street
Montgomery, AL  36104

December 12, 2006      Office of the Clerk
United States District Court
POB 711
Montgomery, AL  36101-0711 (2 letters sent to this address)

December 21, 2006      Ms. Opia Blackwell
158 Beth Manor Drive
Prattville, AL  36056

December 27, 2006      Montgomery Clerk Office
District Court
251 S. Lawrence Street
Montgomery, AL  36104

On November 26, 2006 and November 24, 2006, Inmate Abrahamson had two letters that were not mailed.  They were shredded because they were not addressed correctly.  (See Attached)

I have no knowledge of any mail of Inmate Abrahamson being handled incorrectly.

Sondra Wright

Sworn to and subscribed before me this _23_ day of _January_, 2007.

Notary Public
My Commission Expires September 13, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **HAROLD M. ABRAHAMSEN, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:06-CV-1039-WKW** |
| | ) | |
| **D. T. MARSHALL,  et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>AFFIDAVIT OF ALBERTA BROWN</u>

Before me, a Notary Public, personally appeared Alberta Brown and after being duly sworn, did say as follows

1.      My name is Alberta Brown. I am a Clerk employed with the Montgomery County Sheriff's Office Detention Facility.  I process incoming mail for the facility.

2.      I have not violated the constitutional rights of Inmate Harold M. Abrahamsen, Jr.

3.      I have reviewed my records from July 1, 2005 – July 28, 2005, and October 20, 2006 - January 8, 2007, dates of incarceration for Inmate Abrahamsen.   The only record of incoming mail for Inmate Abrahamsen is listed below:

November 30, 2006          Office of the Clerk
                           P. O. Box 711
                           Montgomery, AL  36101 (2 Letters)

December 8, 2006           Office of the Clerk
                           P. O. Box 711
                           Montgomery, AL  36101

December 13, 2006          United States District Court
                           P. O. Box 711
                           Montgomery, AL  36101


I have no knowledge of or record of Inmate Abrahamson receiving other mail or of his mail
being handled incorrectly.


_____
                    Alberta Brown



Sworn to and subscribed before me this __19__ day of __January__, 2007.



_____
Notary Public
My Commission Expires September 13, 2010