RECEIVED
2007 FEB 22 A 9:23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

"IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION"

RECEIVED
2007 MAR -7 A 9:13
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HAROLD M. ABRAHAMSEN JR. *
/ * 2:06-CV-1039-WKW
*
B.T. MARSHALL, et al *

"A REBUTTAL OF DEFENDANTS ELEVEN DEFENSES OF ACTION"

&

"MOTION OF RECENSION AND STAY OF LEGAL PROCEDINGS"

NOW COMES PLAINTIFF, TO REBUT DEFENDANTS ELEVEN DEFENSES OF ACTION AS TO FOLLOW BY NUMBER;

* ONE - THE DEFENDANTS ATTORNEY(S) MUST BE PREDICATING THIS STATEMENT BASED ON SOME RULE OF LAW, UNKNOWN TO THE PLAINTIFF, AS A LAY PERSON, PLAINTIFF STATES THAT HE SEEKS MONITARY DAMADGES OF THE DEFENDANTS, FOR THE PHYSICAL PAIN AND SUFFERING, MENTAL ANGUISH, AND PHYSICAL DEFECTS THAT HAVE BEEN CAUSED BY DEFENDANTS WILLFUL AND NEGLIGENT ACTS, AND PLAINTIFF IS ASKING FOR A "REFORM" OF THE POLICIES AND PROCEDURES, OF COUNTY EMPLOYEES, THAT ALLOWED THE COUNTY EMPLOYEE'S, TO PERPITRATE THEIR ACTS ON PLAINTIFF.

* TWO - PLAINTIFF BELEIVES THAT ANYTIME BASIC "CIVIL LIBERTIES", OR LEGAL DUE PROCESS RIGHTS ARE DEVIATED FROM THEIR NATURAL LEGAL COURSE OF HAPPENING, HIS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED. PLAINTIFF BELEIVES THAT SPECIFIC NAMED DEFENDANTS DID JUST THAT WHEN THEY INTENTIONALLY AND WILLFULLY COMMITTED THEIR HARASSING ACTIONS AGINST PLAINTIFF.

* THREE - M.C.D.F. IS A BUILDING OWNED BY MONTGOMERY COUNTY, A LEGAL ENTITY OF OUR GOVERNMENT. ITS STAFF

AND MANAGMENT WITH A CHAIN OF COMMAND, RANGING IN RANK FROM THE HIGHEST TO LOWEST RANK, WITH THE HIGHER RANK MAKING UP POLICY AND PROCEDURE BY WHICH THE LOWER RANK ADMINISTERS OR ENFORCES THE SAME POLICY AND PROCEDURE, ALL OF WHICH MAKES UP THE "MONTGOMERY COUNTY DETENTION FACILITY" AS WE KNOW IT. PLAINTIFF BELEIVES THAT M.C.D.F. IS SUEABLE, AND IF IN FACT THEIR IS A LAW THAT PREVENTS PLAINTIFF FROM SUING M.C.D.F., THE PLAINTIFF WILL SEEK TO CHANGE THE LAW.

* <u>FOUR</u> — PLAINTIFF IS NOT AWARE OF THE "ELEVENTH AMENDMENT OR ITS CONTENT, HE HAS BEEN DENIED ACCESS TO LAW LIBRARY AT M.C.D.F. HOWEVER PLAINTIFF BELEIVES DEFENDANTS ACTIONS ARE THE PROXIMATE CAUSE OF PLAINTIFF'S SUFFERINGS

* <u>FIVE</u> — PLAINTIFF DOES NOT BELEIVE THAT THESE COURT RULINGS WILL APPLY TO THE PRESENT ACTIONS OF DEFENDANTS

* <u>SIX</u> — THESE PRISON "REGULATIONS" ARE NOT LAW ABIDING, JUST BECAUSE THE "<u>SHERIFF AND DIRECTOR</u>" OF FACILITY SAID IT, DOESN'T MAKE IT <u>LEGAL</u>, AND PLAINTIFF FEELS THEY WILL NOT BE FOUND TO BE RELATED TO PRISON REGULATIONS, BUT MORE A PERSONAL <u>INTREST OR ENDEAVOR</u>.

* <u>SEVEN</u> — PLAINTIFF HAS ALLEGED, FOR DEFENDANTS ATTORNEY'S, INJURIES SUSTAINED, AS A RESULT OF THE DEFENDANTS ACTIONS, HOWEVER, PLAINTIFF HAS NOT YET EXPLAINED EXACTLY HOW, SPECIFIED INDIVIDUALS PLAYED THEIR DIFFERENT ROLLS TO INJURE PLAINTIFF.

* <u>EIGHT</u> — PLAINTIFF DOES NOT HAVE LAW BOOKS AVAILABLE TO HIM AS DEFENDANTS COUNSEL DOES AND THEREFORE CANNOT ASSERT

(2)

WHETHER THE CASE CITED APPLIES ITSELF TO PLAINTIFF'S CASE, HOWEVER EVEN THOUGH, IN THEIR OFFICIAL CAPACITIES, THEY HAVE ACTED THEIR PARTS, PLAINTIFF IS SEEKING DAMAGES, NOT ONLY FROM INDIVIDUALS WHO "PLAYED THE FIDDLE, BUT ALSO, THOSE WHO MADE IT".

* NINE — THIS DEFENSE IS THAT OF THE BASIC SAME PRINCIPAL AS DEFENDANT'S ATTORNEY'S HAVE INDICATED TOO IN DEFENSE #7 AND PLAINTIFF WOULD ARGUE THE POINT AND PLAINTIFF HAS INDICATED THE NATURE OF INJURIES

* TEN — PLAINTIFF MADE DEFENDANTS AWARE OF HIS MEDICAL NEEDS ON JULY 28th 2004, JULY 1st 2005, AND OCTOBER 20, 2006 RESPECTIVELY. PLAINTIFF IS STILL SUFFERING FROM AN ADVANCING STAGE OF "LUNG DISEASE", A DEBILITATING CASE OF "DEGENERATIVE ARTHRITIS", "HIGH BLOOD PRESSURE" NOW ASSOCIATED WITH A UNKNOWN "HEART CONDITION", THAT WILL NOW BE SOON DIAGNOSED, "1ST STAGE EMPHZEMA", AND NOW A "PROSTRATE INFECTION" JUST DIAGNOSED, ALL OF WHICH PLAINTIFF STATES, HAS BECOME A WORSENED CONDITION BECAUSE OF DEFENDANTS ACTIONS.

* ELEVEN — PLAINTIFF BELEIVES THAT HE SHOULD BE ALLOWED TO SEEK THE IDENTITIES OF INDIVIDUALS PLAINTIFF CAN RECOGNIZE BY SIGHT, BUT HAS NOT YET IDENTIFIED BY NAME AND THE MERE FACT THAT PLAINTIFF CANNOT IDENTIFY THESE INDIVIDUALS BY NAME, SHOULD NOT BE A REASON FOR PLAINTIFF TO NOT SEEK BELEIF OF HIS SUFFERINGS CAUSED BY THESE DEFENDANTS PLAINTIFF NOW STATES; DEFENDANTS HAVE USED JUST ABOUT EVERY "EXCUSE IN THE BOOK" AS TO WHY THEY SHOULD NOT BE HELD ACCOUNTABLE FOR THEIR ACTIONS EXCEPT THAT THEY DIDN'T DO IT.         JOB: 36-1-33 (3)

"PLAINTIFF NOW REFUTING DEFENDANTS AFFIDAVIT CLAIMS"

Now Comes Plaintiff; In response to Individual "Affidavits" of Staff and Management of M.C.D.F. as Contained in their "Special Report", A Response to a January 4th, 2007 Court Order. Plaintiff is Not Yet In Receipt of His Honor's January 4th Order and is Just Receiving a Copy of M.C.D.F.'s "Special Report" on February 13th 2007. Plaintiff States as For; Affidavit of "D.T. Marshall, Sheriff of Montgomery County", It Appears to Plaintiff, to Be a Public Relations Effort and Has No Real Value as an Attestment or Denial of the Facts in this Case and that Plaintiff Beleives the Document is a Cowardly Attempt to Pass His Responsability on to "Director Gina Savage".

Affidavit of Gina Savage; Plaintiff Beleives That "Director Savage" Attempts To Malign plaintiff With Her Half Truthed Discription of His Criminal History, And Feels it Has No Bearing on this Case. Plaintiff States For The Record, On September 2 1999 He was Charged With This Frivilous Charge, Bonded out 15 Minutes Later And These Charges Were Then Dropped In "Honorable Judge Thomas's Court" at Plaintiff's preliminary Hearing. Plaintiff Further State's That He Beleives The Reason For His Initial Arrest in that Case, Was Because He Was Engaged In Activity To Rid Known Drug Dealers From His Soon To Be Townhouse(s) Located on "Upper Wetumpka Rd" Mont Al., Close To, And Afiliated With, A Local "Drug Cartell" From The "King Hill" Area, That Was, An Is, Rumored To Have an Association With "Sheriff D.T. Marshall. Plaintiff States That The, N.W.N.I, is Representive of (10) Checks That Were Returned By Plaintiff's Banks in 2003 When He Shut His Business Down. The Checks Total Less Than $550.00 Face Value, and "District Court & District Attorney's Office" Presently Have Imposed More Than $5,000.00 in Court Costs And Related Fee's The Total of Which Reflects the $6,495.05 Figure Denoted in This

(4)

AFFIDAVIT, PLAINTIFF FURTHER STATES; THAT "PLEADINGS" SENT TO THE "DISTRICT COURT CLERK'S" OFFICE REGARDING THESE CHARGES BY INTER-OFFICE MAILINGS AND U.S. MAILINGS ARE A PORTION OF THE SAME MAILINGS THAT PLAINTIFF HAS MADE COMPLAINT ABOUT IN THIS CASE AND THEIR "WILLFUL AND ILLEGAL OBSTRUCTION" BY M.C.D.F. STAFF(S). THE "I.D. THEFT" CHARGE IS JUST THAT, A CHARGE, NOT A CONVICTION AND FINALLY "GIVING A WRONG NAME" AND "OBSTRUCTION OF JUSTICE" BOTH STEM FROM THE SAME INCIDENT OF OCTOBER 20th 2006 AND HAVE NOT BEEN HEARD BY A JUSTICE. PLAINTIFF AGIN STATES HE HAS HAD HIS PAPERWORK TO THE "DISTRICT & CIRCUIT COURT CLERK'S OFFICES" TAMPERED WITH, IN AN EFFORT HE BELIEVES, TO DENY HIM OF HIS "DUE PROCESS RIGHTS", WITHIN THOSE COURTS. FINALLY WITH RESPECT TO ITEM #3, A HOLD EXISTS IN "AUTAGA CO" FOR AN "ELEVENTH CHECK" FROM THE SAME PERIOD OF THE N.W.N.I. CHARGE AS SHOWN ABOVE AND PLAINTIFF STATES HE IS LOOKING FORWARD TO HANDLING THIS MISDEMEANOR CHARGE IN AUTAGA CO." PLAINTIFF STATES THAT ITEM NO. FOUR'S "RESPONSES TO PLAINTIFF'S 5 CAUSES OF ACTIONS" ARE MERELY A WHOLE LOT OF PUBLIC RELATION RETORIC AND AGIN PLAINTIFF BELIEVES THE ONLY SIGNIFICANT TRUTH OF THIS AFFIDAVIT IS THAT NOW "DIRECTOR GINA SAVAGE" TAKES THE COWARDLY POSITION OF PASSING RESPONSABILITIES OF HER STAFF'S INVOLVEMENT IN PLAINTIFF'S "SECOND CAUSE OF ACTION" ON TO "SOUTHERN HEALTH PARTNERS" ENTIRELY. PLAINTIFF STATES AS FOR CAUSE ONE RESPONSE, THAT COPIES INCLUDED IN THIS "SPECIAL REPORT" ARE DUPLICATES AND DOUBLE COPIES, MEANT TO IMPRESS SOMEONE OTHER THAN PLAINTIFF. PLAINTIFF STATES THAT THESE DOCUMENTS ON ONE HAND ARE NOT A COMPLETE CATALOGUE OF THE DOCUMENTS THAT HAVE BEEN FILED WITH STAFF AT M.C.D.F. FROM TIME TO TIME, BY PLAINTIFF AND ON THE OTHER HAND MANY OF THESE DOCUMENTS SHOWN, ALONG WITH THOSE THAT WERE CONVENIENTLY OMMITTED

(5)

From Defendants "Special Report", Actually Lend Truths to Plaintiffs Action Under "Cause One" of his Complaint. Plaintiff states the Envelope Copies, Addressed Too; "Ms Opia Blackwell" and "Mr Harold M. Abrahamson" Respectively. Plaintiff states that his Requests to Have his Mail Returned to Him, with the 1st Such Request Occurring Just 4 Days After the Mailings Came up Missing, Went Unanswered and is Not Contained in this Report, as well as, Numerous Complaints Filed About Medical & Cleanliness of the Facility, as outlined in "Cause Three" below. Plaintiff Further States he Agin Has Numerous Situations to Site, Lending Truth to His Allegations. As for "Cause Three & Four's" Response, plaintiff States That he Beleives That "Director Savage" Should Be Held Accountable, and Would Urge His "Honorable Wallace Capel Jr." To Hold Her Criminally Liable, Upon Completion or During this Litigation, For Purgery that Plaintiff Now Accuses Her of. Plaintiff States that Chemicals Are Not Provided Every Day and this will Be Easily Proven in Open Court, If Plaintiff is Given the Opportunity. Plaintiff States When Chemicals Are Provided, They Are Despensed in 3 Small, Usually Inoperable Containers, With Approxiamately 3 gallons of Water, Most Times the Water Becomes to Dirty and Less Than 3 qts of Chemicals are Used to Sanitize 3 to 5 thousand Sq Ft of Space and Numbers of Fixtures Amounting to Sometimes 30 or More. Plaintiff States in 17 Weeks of Incarceration He Has Never Seen A "Health Department Official" in the Facility. Plaintiff States He Can Think of a Recent Situation Where Inmates Were, By Cohersion, Forced To Clean Built-up Filth on Frontal Areas of A Cell Block Area, In what Appeared to Be An Effort to Impress Incoming Guests to the Facility (See Plaintiff's "Criminal Complaint" Filed Too; S/A in Charge at Mont. Office of F.B.I., on or about Feb 14th, 2007) Plaintiff States, Given the Opportunity

(6)

He will prove that "Director Savage" agin perjures herself in this "Special Report." Plaintiff states he will show not only the above, but will also show that defendants response to plaintiffs "4th Cause of Action" is also an incorrect statement, in that as it will be evidenced, food is by no means prepared in a healthful enviroment, in fact the kitchen area of this facility has rodent and roach infestations and plaintiff refutes that inmates are fed 3 nutricious meals a day, while in fact inmates receive a "sack lunch" in the AM of the day to sustain them for 11-12 hours, and then receive somedays a balanced meal in the P.M. hours, and that the on site nutricianists are employee's of "Southern Health Partners", the medical providers, named in this action, against M.C.D.F. Plaintiff states as for "Director Savage's" response to "Cause Five", of plaintiffs action, that he feels that because of the willful/tampering of the "Free Movement of paperwork" creates a situation in itself to overcrowd the jail by denying inmates of their "Due process Rights" and thereby delaying there release from the facility. Plaintiff believes that this is being done in an intentional manner, as to recieve additional funds from the "Federal Government" through subsidy(s) that they now enjoy, an I believe are being used, to finance the building of a new jail, at the expense of some, innocent citizens, by their lengthy detainment @ M.C.D.F. "Affidavit of Wanda J. Robinson": Plaintiff states he believes that this affidavit is alot of repetitive retoric designed to deify the overall content of this frivolous "Special Report" by the defendants attorney. "Affidavit of Barbara Palmer-Byrd", Plaintiff would repeat that the file or catalogue of request/greivance forms are, incomplete, duplicated copies and plaintiff would urge his "Honor Wallace Capel" to request staff and managment, to offer to the table a complete catalogue of these

(7)

Requests and Greivances. Plaintiff additionally states, that once agin "Captain Palmer" is failing to take responsability for her actions as a supervisor of M.C.D.F. and appears to be cowardly passing the buck on, with regard to her admonishment in Item #4 and that the ourall content is just repetitive Retoric designed by their attorney to deify this frivolous "Special Report".

Affidavit of Lt. Annie Findley; same half truthed retoric

Affidavit of Ms Sondra Wright; Plaintiff prays that upon review of his evidences, that "Ms Wright" is held criminally liable for her actions, as well as any individuals that have aided and abedded her, in her actions aginst Plaintiff. Plaintiff states that "Defendant Wright" admits to distroying Plaintiff's personal mail and Plaintiff further reveiws that he requested the return of same, twice, the 1st time was 4 days after its known disappearance and that her records reflect selective and incomplete entries as will be shown with plaintiffs evidence's. Plaintiff further states; that his evidence's will show that at least one of "Ms Wrights" entries noted in her affidavit is a "Magical Reappearance" of a critical U.S. Mailing for plaintiffs defense in regards to his criminal charges at District Court, and said mailing was previously requested for return, and that its presence as listed in "Ms Wrights Log," lends truth to plaintiffs beleifs, of staff(s) willfully interfering with the natural flow of inter-office and U.S. mailings at M.C.D.F. Plaintiff states that by way of "Ms Wright" the facility began monoriting his mailing as he knows just 4 days after he organized a complaint/greivance about the unsanittary conditions in the facility and just 3 days after the "Mont. Co. Sheriffs Dept." charged Plaintiff with the (8) frivolous charge of "Obstruction

OF JUSTICE" THAT HE HAS NOW BEEN DETAINED ON SINCE NOVEMBER 14th 2006. "BOOKING OFFICER CARROLL" INDICATED ON THE 14th OF NOV. THAT THE CHARGE STEMMED FROM AN OCTOBER 20th 2006 INCIDENT, THE DAY OF PLAINTIFFS ARREST.

AFFIDAVIT OF MS ALBERTA BROWN; PLAINTIFF STATES THAT "MS BROWN" ROUTINELY BRINGS LEGAL MAILINGS INTO CELLBLOCK AREAS FOR DISTRIBUTION TO INMATE POPULATION THAT HAS ALREADY BEEN OPENED AND HAS DONE THIS TWICE RECENTLY WITH PLAINTIFFS LEGAL MAIL. PLAINTIFF STATES HE HAS SENT AN INQUIRY/GRIEVANCE TO "MS DAVIS" CONCERNING THIS, HOWEVER IT REMAINS UNANSWERED AT THIS TIME. PLAINTIFF STATES THAT HE BELEIVES THE BALANCE OF "MS BROWNS AFFIDAVIT" AMOUNTS TOO REPETITIVE RETORIC DESIGNED TO DEIFY THE OVERALL CONTENT OF THIS "SPECIAL REPORT" BY DEFENDANTS ATTORNEYS

PLAINTIFF NOW STATES; THE FOLLOWING WITH RESPECT TO COPIES OF PLAINTIFFS MAILINGS, REQUEST FORMS, GRIEVANCE DESISIONS, & GRIEVANCE FILINGS ETC. THE OVER ALL CATOLOGUE IS NOT REPRESENTATIVE OF ALL DOCUMENTS FILED BY PLAINTIFF AND HIS EVIDENCES WILL SHOW THAT THEY ARE LACKING IN CONTENT. PLAINTIFF STATES THAT HE BELEIVES DEFENDANTS ARE ATTEMPTING TO CREATE A FACADE AND PRESENT A MISLEADING REPRESENTATION OF THE FACTS IN THIS CASE. PLAINTIFF STATES; THAT GIVEN THE OPPORTUNITY TO PRESENT HIS CASE, HE SHALL SHOW THE INDIFFERENCE, AND PROPENSITY OF DEFENDANTS, BY POLICY, TO COVER UP WHAT HAS BECOME COMMON EVERY DAY OCCURANCES IN THIS FACILITY, AND HE FEELS CERTAIN THAT IF HIS "HONOR WALLACE CAPEL" WERE IN POSSESSION OF A COMPLETE, LEGIBLE CATOLOGUE OF THESE DOCUMENTS HE WOULD FURTHER UNDERSTAND THE GRAVITY OF PLAINTIFF'S COMPLAINTS. PLAINTIFF FINALLY STATES THAT HE HAS UTILIZED M.C.D.F.'S "GRIEVANCE PROGRAM" IN AN EFFORT TO DOCUMENT THE "RIGHTS VIOLATIONS" WITHIN THE FACILITY, BUT HAS NEVER KNOWN MANAGEMENT

(9)

TO CORRECT OR REPRIMAND ANY OFFICER(S) OR SITUATION(S), RIGHT OR WRONG.

## "MOTION OF RECENSION AND STAY OF LEGAL PROCEDINGS"
(TO EXTEND PRESENT TIME-LINES OF ACTION)

<u>NOW COMES PLAINTIFF</u>; WHO STATES THAT HE IS PRESENTLY, STILL BEING DETAINED IN A SEQUESTERED FASHION WITHOUT THE ABILITY TO USE TELEPHONE AND HAVING HIS MAILINGS AND INTEROFFICE CORRISPONDENCES MONITORED AND OBSTRUCTED. PLAINTIFF STATES, DEFENDANTS HAVE FURTHER CAUSED HIS DETAINMENT TO BE PROLONGED. PLAINTIFF STATES THAT RECENT PLEADINGS HAVE BEEN RECEIVED AND FILED BY "COURT CLERKS OFFICE" AND PLAINTIFF WAS BROUGHT BEFORE "JUSTICE YATES" ON 2-12-2007 AND SET-OFF. PLAINTIFF ALSO HAS A COURT APPEARANCE DATE FINALLY FOR TRIAL BEFORE HIS "HONOR SHASHY" ON 3-12-2007. PLAINTIFF HAS NO KNOWN DATE OF RELEASE AT THIS TIME. PLAINTIFF HAS NOT BEEN ALLOWED ADEQUATE ACCESS TO "LAW LIBRARY" AT M.C.D.F., AND DOES NOT HAVE SUFFECIANT SUPPLIES OF PENCILS, PAPER, REFERENCE MATERIALS, LIGHTING, ADEQUATE FIXTURES (I.E. A WRITING SURFACE) AND CERTAINLY DOES NOT HAVE ACCESS TO WORD PROCESSING EQUIPMENT AS DEFENDANTS NOW ENJOY. PLAINTIFF STATES HE IS FORCED BY NEED TO WRITE ON THE BASE METAL SURFACE OF HIS SLEEPING BUNK WITH PRIMITIVE MEANS, REQUIRING LONG ARDUOS HOURS, IN LOUD, DISTRACTING, AND POORLY LIT ENVIROMENTS.

<u>PLAINTIFF FURTHER STATES</u>; THAT HE HAS PREVIOUSLY PLEAD TO HIS "HONOR WALLACE CAPEL JR.", THAT PLAINTIFF IS IN FACT A LAYPERSON WITH RESPECT TO THE LAW. PLAINTIFF STATES HE IS NOT IN RECEIPT OF "HIS HONOR'S ORDER" DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFFS CIVIL ACTION AGINST DEFENDANTS, BUT IS IN RECEIPT OF COPIES (ELEGIBLE) OF SUPPLIMENTAL ARTICALS THAT HAVE APPARENTLY SUB-

(10)

mitted to "His Honor". Plaintiff believes that the "Special Report" as a copy, of the submitted "Special Report" by Defendants is full of misrepresentations, untruths, and cite legal case representations that Plaintiff is unaware of, in their context, and meanings with realitivity to Plaintiffs case, and their appear to be over "Sixty Five Such References".

Plaintiff Speculates Confidently; when he states he does not beleive that Defendants attorney's, "Thomas T. Gallion" or "Constance C. Walker", as qualified as the may be at their chosen profession, can or will be able to cite or recite the large number of case's they refer too, without the aid of their law library.

Plaintiff Now States; He has read and understands that Defendants attorneys have cited numerous reasons why Defendants and M.C.D.F. should not be held accountable for their actions, however plaintiff was raised by, and taught a moral standard, that says we as individuals, should be accountable for our actions. Plaintiff further states; He beleives these are the same principals that our "Founding Father's" intended by, the grace of our "Lord Almighty", "In God We Trust".

Plaintiff Now States; He intends within a reasonable amount of time, after his release, to seek compident legal representation for this action, possibly attorneys from the "Southern Poverty Law Center" in Mont. Al., however in Plaintiffs now sequestered position, as he is being detained by Defendants, and not being given access to basic

(11)

CLERICAL NEEDS AND M.C.D.F.'S LAW LIBRARY, PLAINTIFF CANNOT SEE HOW HE CAN IN EFFECT CHALLANGE, DEFENDANTS AND THEIR ATTORNEY'S AT THIS TIME.

PLAINTIFF FURTHER STATES; THAT HE FEELS THAT DEFENDANT'S HAVE CONTINUED TO VIOLATE HIS CIVIL RIGHTS THROUGHOUT HIS CONFINEMENT, AS WELL AS EFFECTING HIS "DUE PROCESS RIGHTS" IN "DISTRICT AND CIRCUIT COURTS" RESPECTIVELY. PLAINTIFF STATES DEFENDANTS, AS IN CERTAIN MEMBERS OF STAFF AND MANAGMENT, HAVE CONTINUED IN A WILLFUL, RETALIATORY MANNER, TO DEPRIVE PLAINTIFF OF "BASIC HUMAN RIGHTS", CAUSING HIM FURTHER MENTAL ANGUISHES, AND LACK OF HEALTH. PLAINTIFF FURTHER STATES; THAT HIS CARE BY "SOUTHERN HEALTH PARTNERS" & "DR NICHOLS" HAS GREATLY IMPROVED OVER THE SAME PERIOD

WHEREBY PLAINTIFF NOW PRAYS; OF THE HONORABLE JUDGE "WALLACE CAPEL JR" TO GRANT PLAINTIFF AN EXTENTION OF THE PRESENTLY REPRESENTED TIMELINE, CONTAINED IN HIS ACTION AGINST "MONTGOMERY COUNTY DETENTION FACILITY", AND ITS STAFF AND MANAGMENT" AS PREVIOUSLY DENOTED, TO NOW INCLUDE THE PERIOD FROM THE DATES July 1 2005 TO July 28th, 2005 & OCTOBER 20th 2006 TO "MARCH 6th 2007" PLAINTIFF FURTHER PRAYS; THAT "HIS HONOR" WOULD GRANT PLAINTIFF A STAY ON ALL LEGAL PROCEDURES AND PROCEDINGS IN THIS CASE UNTIL 60 DAYS AFTER PLAINTIFFS RELEASE FROM INCARCERATION AT THE M.C.D.F.

GIVEN THIS 6th DAY OF MARCH, 2007

x [signature] 3·5·2007

(12)

"**CERTIFICATE OF SERVICE**"

I HEARBY CERTIFY THAT ON THE 5th DAY OF MARCH 2007, I DID MAIL A HAND WRITTEN COPY OF THE FORGOING, BY PLACING IN THE UNITED STATES MAIL, POSTAGE PREPAID, THIS THE 5th DAY OF MARCH, 2007, TO THE FOLLOWING;

HASKELL SLAUGHTER, YOUNG & GALLION LLC
P.O. BOX 4660    (ATTYS AT LAW)
MONTGOMERY AL 36103-4660

x /s/ HAROLD M. ABRAHAMSON JR.

Mr. D. Williamson, Jr.
Bullock C.D.F.
P.O. Box 4599
Montgomery, AL 36103

INMATE MAIL

U.S. District Court
Debra P. Hackett, Court Clerk
P.O. Box 711
Montgomery, AL 36101-0711



MONTGOMERY AL 361
06 MAR 2007 PM